

Signed and Filed: January 2, 2016

**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re:                          ) Case No. 15-31492 HLB
                                )
ADAM EATIA and                  ) Chapter 7
ALICE EATIA,                    )
                                )
           Debtors.             )
```

**ORDER SETTING TENTATIVE HEARING ON REAFFIRMATION AGREEMENT, EXTENDING DEADLINE, AND DELAYING ENTRY OF DISCHARGE**

On **January 21, 2016 at 10:00 a.m.**, the Court will hold a tentative hearing on approval of the reaffirmation agreement with Harley-Davidson Credit Corp. executed by Adam and Alice Eatia (collectively "Debtor").

I.  Tentative Hearing

Reaffirmation agreements are effective without court approval if certain conditions are met. 11 U.S.C. §§ 524(c)(1)-(5), 524(m). The following conditions do not appear to have been met with respect to the reaffirmation agreement:

___ A.  the agreement is incomplete or is not signed by one or more parties (the latest version of an approved form is available at http://www.uscourts.gov/bkforms/ under "Part II" Form "B 240");

_X_ B.  the debtor has not been represented by an attorney during the course of negotiating the agreement (11

ORDER SETTING TENTATIVE HEARING
ON REAFFIRMATION AGREEMENT,
EXTENDING DEADLINE, AND DELAYING
ENTRY OF DISCHARGE

- 1 -

U.S.C. § 524(c)(6) and (d));

___ C. an attorney for the debtor(s) has signed a declaration or affidavit pursuant to 11 U.S.C. § 524(c)(3) but it appears to be defective because:

    (1) there is a presumption of undue hardship but there is no certification that "in the opinion of the attorney" the debtor is nevertheless "able to make the payment," and the creditor is not a credit union (11 U.S.C. § 524(k)(5)(B)&(C));  or

    (2) the attorney has not made or has impermissibly modified the other certifications required by the statute;[1]

_X_ D. the court must determine whether the reaffirmation agreement is an undue hardship on the debtors because:

    (1) there is a presumption of undue hardship (the debtors' monthly income less monthly expenses is less than the amount of the scheduled payment on the debt to be reaffirmed);

    (2) that presumption has not yet been rebutted to the satisfaction of the court in a filed statement including an explanation identifying additional sources of funds to make the payments; and

    (3) the creditor is not a credit union (11 U.S.C. § 524(m)).

---

[1] "I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement."  11 U.S.C. § 524(k)(5)(A).

**ORDER SETTING TENTATIVE HEARING ON REAFFIRMATION AGREEMENT, EXTENDING DEADLINE, AND DELAYING ENTRY OF DISCHARGE**

___ E. Other:

A hearing has been tentatively scheduled at the date and time listed in the first paragraph of this order to determine whether the Court should approve or disapprove the reaffirmation agreement. The Court will not approve the agreement unless the Debtor(s) attend the hearing (telephonically or in person). Any party who cannot attend the reaffirmation hearing at the above time and date and wishes to attend should make alternate arrangements by contacting Courtroom Deputy Benjamin Gapuz (415-268-2362) at least three business days prior to the hearing. The hearing will be taken off calendar if supplemental papers are filed that satisfy the conditions for the reaffirmation agreement to be effective without court approval.

II. Extension of Undue Hardship Presumption

For largely technical reasons, the Court believes that the following provisions may be required to maintain the status quo. If there is a presumption of undue hardship (i.e., if item I.D. above is checked) then by definition Debtor's stated monthly income less monthly expenses will be inadequate to make the agreed payments under the reaffirmation agreement. 11 U.S.C. § 524(m)(1). That mathematical fact means that the reaffirmation agreement should not be approved by the Court, nor should the agreement satisfy the conditions for being effective automatically. See 11 U.S.C. § 524(c)(3)(B), (c)(6)(A)(i) and (d). The statute only presumes an undue hardship until 60 days after the reaffirmation agreement is filed, but it permits the Court to provide "such additional period [beyond the initial 60 days] as the Court, after notice and a hearing and for cause,

**ORDER SETTING TENTATIVE HEARING
ON REAFFIRMATION AGREEMENT,
EXTENDING DEADLINE, AND DELAYING
ENTRY OF DISCHARGE**

- 3 -

orders before the expiration of such period." 11 U.S.C.
§ 524(m)(1). This order shall serve as notice to the parties
that the Court is inclined to extend the statutory 60 day period
so that the presumption of undue hardship continues until the
Court can actually determine whether or not there is an undue
hardship.

If any party believes that there is insufficient cause for such extension, then that party shall set and notice a hearing prior to the expiration of such 60 day period to address this issue. Otherwise, the 60 day period shall be automatically extended, without any further notice or order, until entry of the court's written order regarding the reaffirmation agreement. <u>See</u> 11 U.S.C. §§ 102(1), 105(a), and 524(m)(1).

III. <u>Clerk Directed to Defer Entry of Discharge</u>

If there is a presumption of undue hardship (i.e., if item I.D. above is checked) then the clerk of the court is hereby directed not to enter any order granting the discharge of the debtor under 11 U.S.C. § 727(a) until after the docket reflects (i) that the reaffirmation agreement has been approved or disapproved, or (ii) that the matter has been otherwise resolved. See 11 U.S.C. § 524(m)(1); Fed. R. Bankr. P. 4004(c)(1)(J).

**\*\*END OF ORDER\*\***

**ORDER SETTING TENTATIVE HEARING
ON REAFFIRMATION AGREEMENT,
EXTENDING DEADLINE, AND DELAYING
ENTRY OF DISCHARGE**

- 4 -

Case: 13-31492    Doc# 19    Filed: 01/02/16    Entered: 01/04/16 10:02:29    Page 4 of 5

## Court Service List

[None]